IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SILVER DOLLAR SALES, INC.                                                                PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:15-cv-00062-NBB-JMV

SCOTT OLSEN, MICHAEL BATTAH,
& JOHN DOES 2-10                                                                         DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, supporting and opposing authority, and being fully advised in the premises, the court is ready to rule.

### Factual and Procedural Background

In June of 2001, Silver Dollar Sales, a Mississippi corporation, and River City Trader, Inc. ("RCT"), a Tennessee corporation, executed a consignment agreement which allowed Silver Dollar to consign goods wholesale from RCT. In the course of their complex credit relationship a dispute arose wherein Silver Dollar alleges RCT breached multiple provisions of the consignment agreement by diverting funds, assets, and accounts. Additionally, Silver Dollar contends Michael Battah, a later identified party, and unknown Doe defendants 2-10 conspired to prevent the performance of the consignment agreement by intervening to help divert RCT funds, assets, and accounts, with knowledge that said actions would be a financial detriment to Silver Dollar.

Silver Dollar filed its initial complaint against RCT in the Circuit Court of Desoto County, Mississippi, in 2010. Silver Dollar named as defendant Scott Olson, a principal of RCT, but was unable to identify the other parties involved. Pursuant to M.R.C.P. 9(h), the unknown defendants were designated John Does 1-10. Silver Dollar served Olson on July 21, 2010.

Nearly five years later, Silver Dollar identified Michael Battah as a party and substituted Battah's name in place of John Doe 1 in an amended complaint. Battah was served with a copy of the amended complaint on March 25, 2015. Battah subsequently filed a notice of removal on April 23, 2015, which Olson then joined.

In response, Silver Dollar has now moved to remand based on defective removal arguing Olson failed to remove within thirty days of his service of process in 2010, barring him and any other defendants substituted for John Does 1-10 from removing.

Analysis

In 2012, Congress statutorily adopted the last-served defendant rule through passage of the Federal Court Jurisdiction and Venue Clarification Act ("FCJVCA"). Pub. L. No. 112-63, 125 Stat. 758 (2011). The last-served defendant rule allows each defendant thirty-days to remove the case to federal court regardless of the prior date of service of the previously joined defendants. *See* 28 U.S.C.A. §1446(b)(2)(B). The enabling statute of the FCJVCA states the statute's provisions are only applicable to suits "commenced, within the meaning of State law" on or following January 6, 2012. Pub. L. No. 112-63, § 205, 125 Stat. 758, 764-65 (2011). Accordingly, suits commenced before this date are governed by the Fifth Circuit's first-served defendant rule, which holds that the thirty-day time period for removal begins when the first defendant who had an opportunity to remove could remove. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). Under this rule, if the first-served defendant fails to seek removal in a timely manner, later-served defendants cannot remove the case to federal court. *Id.* Therefore, the first-served defendant rule applies to Battah if this action was commenced "within the meaning of State law" prior to January 6, 2012.

Under M.R.C.P. 3, an action is commenced by filing a complaint with the court. If the identity of one or more defendants is unknown at the time of filing, the plaintiff may designate

these defendants by any name, until their true names are discovered and can be substituted for the fictitious ones. Miss. R. Civ. P. 9(h). "An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted, and such amendment relates back to the date of the original pleading." Miss. R. Civ. P. 15(c). Thus, when such an amendment is made, the substituted defendant is treated as if he were a party to the suit from its inception. *Id.*

In the present case, Battah's name was substituted pursuant to M.R.C.P. 9(h). Therefore, amendment relates back to the date of the original pleading, and this suit commenced as to Battah on April 20, 2010, when it was originally filed against John Doe No.1. Because this case was "commenced within the meaning of state law" before January 6, 2012, the last-served defendant rule does not apply. Instead, Battah is bound by the first-served defendant rule, which dictates that the 30-day time period for removal began when Olson was served on July 21, 2010. As Olson did not seek removal within thirty days of service, he and all other defendants substituted for John Does 1-10 defectively removed this case, and the case must be remanded to the state court.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well taken and should be granted. An order in accord with this opinion shall issue this day.

This, the 10th th day of December 2015.

                                          */s/ Neal Biggers*
                                          **NEAL B. BIGGERS, JR.**
                                          **SENIOR U.S. DISTRICT JUDGE**